```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

                          PORTLAND DIVISION


DICK HENDRICKS,
                                        Civil No. 07-1080-ST
        Petitioner,

    v.                                  FINDINGS AND RECOMMENDATION

BRIAN BELLEQUE,

        Respondent.


        Tonia L. Moro, Assistant Federal Public Defender
        101 S.W. Main Street, Suite 1700
        Portland, Oregon 97204

            Attorney for Petitioner

        John R. Kroger, Attorney General
        Jacqueline Sadker Kamins, Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

            Attorneys for Respondent


     1 - FINDINGS AND RECOMMENDATION
```

STEWART, Magistrate Judge:

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in order to challenge the legality of his underlying state court convictions arising from two arson incidents in 1998. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (docket #11) should be denied.

## BACKGROUND

Mr. and Mrs. Prasad, owners of the Lazy J Motel in Coos Bay, were in need of money. The motel was being foreclosed, and they had filed multiple Chapter 13 Bankruptcy actions. Trial Transcript, pp. 74-77. As a result, they decided to hire someone to start a fire in order to collect on the $300,000 insurance policy. *Id* at 79.

Petitioner, Victor Perez, and Chris Harlukowicz traveled to the Lazy J Motel on July 17, 1998, where Perez, following a telephone conversation with one of the owners, explained that "[t]he lady who owns the motel wants us to start a fire and burn part of the motel so she can collect the insurance money." *Id* at 450. Perez and petitioner started a fire in Room Three of the motel, and the three drove away in a car belonging to Harlukowicz's mother. *Id* at 451.

Deputy State Fire Marshall Jason Cane testified that the fire "didn't stay lit long enough to . . . significantly damage room No. 3." However, three days later, on July 20, 1998, a second,

2 - FINDINGS AND RECOMMENDATION

much larger fire occurred in Room Four of the motel which caused damage between $315,000 and $500,000.[1]  *Id* at 80, 110-11.  Deputy Cane concluded that arson was the cause of the July 20 fire and testified that the two fires were likely related and perpetrated by the same arsonists.  *Id* at 170, 175, 189-90, 192.

Petitioner, Perez, and Dean Perri were tried together, while Harlukowicz testified for the prosecution.  At the close of the State's case, all three defendants moved for judgment of acquittal on the counts related to the July 20 fire.  *Id* at 597-99.  The trial court denied the motion, explaining as follows:

> I've given the matter some thought and I've listened to the additional argument.  Were it not for the evidence relating to the events of the 17th, specifically Mr. Harlukowicz's testimony in regards to those events and the logical inference of the time frame and the events carrying over to be completed on the 20th, I think that the inference the jury can draw, there would be no evidence to tie these people to the 20th.  None.  And I wouldn't have any hesitation about taking those charges away.
>
> In this instance, however, I think it's a fair inference -- there's direct evidence on Solicitation and Conspiracy as to Mr. Perez on the 17th.  There's direct evidence as to Conspiracy of [petitioner] on the 17th.  And I think those, with the primary charges, because of the existence of that evidence of Mr. Harlukowicz, is sufficient to carry the State's burden because I think . . . that when viewed as a whole, this could be viewed a common scheme or plot to destroy those premises.

---

[1]  Two days before the July 20 fire, summary judgment was entered against the Prasads, enabling lienholders to foreclose on the motel.  Trial Transcript, p. 77.

3 - FINDINGS AND RECOMMENDATION

> And on that basis, the evidence on the 17th is indicative of behavior. And when you add -- well, it's direct evidence of behavior. And when you add to that the inferences that can be drawn from the circumstances of driving a pickup which is of similar description to that pickup which is seen in the time in question; to be in the personal possession of a container which was, at least the evidence indicates, used to haul fuel which was of a similar nature to that used to start the fire; and when the evidence is that they were not present on carrying over from the 19th to the 20th, that they left for some period of time; those -- all of those inferences can carry over, I think, and support the charges for the 20th.

*Id* at 613-14.

At the conclusion of the trial, a jury convicted petitioner on charges stemming from both fires: five counts of Reckless Endangerment of Another Person, four counts of First Degree Arson, three counts of Criminal Conspiracy to Commit First Degree Arson, and one count of Attempted Aggravated Theft. Respondent's Exhibit 101. Petitioner directly appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 105, 107.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of his claims. Respondent's Exhibit 121. The Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *Hendricks v. Hall*, 211 Or. App. 250, 154 P.3d 786, *rev. denied,* 342 Or. 645, 158 P.3d 508 (2007).

4 - FINDINGS AND RECOMMENDATION

Petitioner filed his Amended Petition for Writ of Habeas Corpus on December 14, 2007, raising five grounds for relief. Respondent asks the court to deny relief on the Amended Petition because petitioner has elected not to argue four of the Grounds for Relief and because the only argued claim (Ground Four) is procedurally defaulted and lacks merit.  Because petitioner's Ground Four claim fails on its merits, the court declines to decide the exhaustion issue.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

## FINDINGS

### I.   Unargued Claims

The Amended Petition alleges five grounds for relief. Petitioner chose to argue only Ground Four that the trial court violated his right to due process of law when it denied his motion for judgment of acquittal where the evidence was insufficient to support his convictions stemming from the July 20 arson event. Petitioner has failed to sustain his burden of proof with respect to the other Grounds One, Two, Three, and Five,[2] and the court's own review of the record reveals that those unargued claims would

---

[2] *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

5 - FINDINGS AND RECOMMENDATION

not entitle him to relief.  Accordingly, relief on these claims should be denied.

///

## II.  Sufficiency of the Evidence (Ground Four)

According to petitioner, the State failed to present sufficient evidence to link him to the July 20 fire, and the trial court erred when it denied his Motion for Judgment of Acquittal. Specifically, he asserts that he was convicted of the charges associate with the July 20 arson only due to the evidence pertaining to his involvement in the July 17 fire.  He therefore urges this court to overturn those convictions on due process grounds.

When reviewing a habeas corpus claim based on insufficient evidence, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  When the record supports conflicting inferences, courts must presume the jury resolved the conflicts in favor of the prosecution.  *Id* at 326.

Although not required to do so, the court has conducted an independent review of the record in this case.  The jury clearly heard evidence that petitioner participated in the July 17 fire, and petitioner's convictions from that event are not at issue.  The

6 - FINDINGS AND RECOMMENDATION

jury also heard evidence that the fire on July 20 was set in "the exact same area" of the room adjacent to the room which burned on July 17. Trial Transcript, p. 191. The Deputy State Fire Marshall testified that "[i]t appeared to me that whoever set the fire didn't get what they wanted and came back, or something, and tried to set another fire to make it better." *Id* at 192.

The State also presented evidence of a two-toned brown pickup truck that was seen parked outside of the room which was ignited on July 20. *Id* at 375, 379-80. The description of the truck matched that of a truck belonging to Konrad Cox. Cox testified that petitioner, Perez, and Dean Perri needed to borrow his truck for an overnight outing in the summer of 1998, promising to "make it worth [Cox's] while." *Id* at 380, 489-90. When the three men returned the truck, Perez gave Cox $100 worth of methamphetamine and "they came up to me and they started saying, 'Swear. Don't ever tell anybody that you -- that we borrowed the truck. No matter what they do to you or what they threaten you with, don't ever tell anybody that we borrowed the truck.'" *Id* at 490-91. When Cox inquired as to who might ask him questions, Perez replied: "The police, but don't worry. They can't prove anything." *Id.*

Cox also testified that when petitioner and Perez returned the truck to him, the back of it smelled like diesel which was the accelerant used for the July 20 fire. *Id* at 230, 241-42, 491. There also was a gas can in the back of the truck, and Perez told

7 - FINDINGS AND RECOMMENDATION

Cox that he "wouldn't be driving around with that in the back there." *Id* at 491. Petitioner promptly hid the gas can in a shed on Cox's property. *Id* at 491-92. After the three had returned the truck, Cox noticed as he drove down the road that the Lazy J Motel had burned. *Id* at 492. Cox told one of the investigators about the smell of diesel in his truck well before he ever knew that diesel was the accelerant used to start the fire. *Id* at 494.

It is clear that petitioner participated in the July 17 fire which shows his motive and intent to return three days later to finish the job as originally contemplated by the owners. When coupled with the evidence pertaining to Cox's truck (including the statements and actions of the three co-defendants) and viewed in the light most favorable to the prosecution, a rational trier of fact could have found that petitioner participated in the July 20 fire. Accordingly, after viewing the totality of the evidence in this case, and cognizant of the deference owed to the state court decisions as required by the Anti-terrorism and Effective Death Penalty Act, this court concludes that the trial court's decision to deny petitioner's Motion for Judgment of Acquittal was neither contrary to, nor an unreasonable application of clearly established federal law. Accordingly, relief on the Petition should be denied.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #11) should be DENIED. The court

should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due February 19, 2010.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 2nd day of February, 2010.

                                        s/    <u>Janice M. Stewart</u>
                                               Janice M. Stewart
                                               United States Magistrate Judge